■ In the Matter of the PUBLIC OFFICIAL Named in the Reports Numbered 1, 2 and 3 of the Grand Jury of the Extraordinary Special and Trial Term of the Supreme Court of the State of New York, Appellant, v ALFRED J. SCOTTI, as Special Deputy Attorney-General, Special Prosecutor for Suffolk County, Respondent.—Appeal by the public official named in Reports Nos. 1, 2 and 3 of Grand Jury No. 1 for the Extraordinary Special and Trial Term of the Supreme Court, Suffolk County, from three orders of the said court, as follows: (1) as limited by his brief, from so much of an order dated October 8, 1976, as accepted, pursuant to CPL 190.85 (subd 2), Reports Nos. 1, 2 and 3, which concern alleged misconduct, nonfeasance or neglect in office by a public servant, (2) an order dated January 26, 1977 which denied his application to reject and permanently seal the said reports (see CPL 190.85, subd 3) and reaffirming the acceptance of the said reports, and (3) an order dated February 1, 1977 which denied his motion, *inter alia,* to set aside, as null and void, all of the acts of the Grand Jury herein. Appeal from the order dated October 8, 1976 dismissed as academic, without costs or disbursements. Insofar as review of that order is sought, it was superseded by the order dated January 26, 1977. Order dated January 26, 1977 modified, on the law and the facts, by deleting therefrom the provisions denying the portions of the application which sought to have Reports Nos. 2 and 3 permanently sealed, and substituting therefor provisions that the said portions of the application are granted. As so modified, order affirmed, without costs or disbursements. Order dated February 1, 1977, affirmed, without costs or disbursements. Report No. 1, finding the appellant guilty of misconduct, nonfeasance and neglect in office by reason of his actions leading up to, and including, the filing of certain criminal charges, is amply supported by the evidence and may, therefore, be filed as a public record. However, Reports Nos. 2 and 3, dealing with alleged misconduct in related, though separate or subsequent aspects of the same matter, are not supported by the preponderance of the credible and legally admissible

evidence and should, therefore, be permanently sealed. We also note that the legal challenges to the Grand Jury which formed the basis of the motion denied by the order of February 1, 1977, would fail upon the merits even if they had been timely raised on a proper procedural basis. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.